UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2007 DEC 19 P 4:00

| | |
|---|---|
| MECHAM R. OLDBEAR | **DO NOT PUBLISH** |
| VERSUS | CIVIL ACTION |
| KIRBY INLAND MARINE, INC. OF LOUISIANA AND EXXON MOBIL CORPORATION | NO. 07-697-A |

## RULING ON MOTION TO REMAND

This matter is before the court on a motion to remand by plaintiff, Mecham R. Oldbear (doc. 3). Defendants Exxon Mobil and Kirby Inland Marine, Inc. of Louisiana oppose remand (docs. 11 & 14). Jurisdiction is at issue. There is no need for oral argument.

Plaintiff originally filed suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, alleging damages sustained in connection with a "slip and fall" on the deck of a barge. Plaintiff alleges in petition that he "is a resident and domiciliary of the full age of majority of the State of Louisiana and pursuant to the 'Savings to Suitors' clause, brings this suit pursuant to 28 U.S.C. § 1333 and hereby files this cause of action under the 'Jones Act', 46 U.S.C. § 688, and General Maritime Law" (doc. 13, ex. B, ¶ 1).

The matter was removed by Kirby on diversity grounds on September 26, 2007. Kirby alleges in the notice of removal that plaintiff is a citizen of Louisiana,

1

CC: 19th JDC

that Kirby is a dual citizen of Delaware and Texas, and that Exxon Mobil is a dual citizen of New Jersey and Texas (doc. 1, ¶¶ 2, 3).

General maritime claims saved to suitors are, of themselves, not removable. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959). However, the savings to suitors clause "does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty. As a result, removal is appropriate if federal jurisdiction exists under a separate statute." *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) (citations omitted). In *Poirrier v. Nicklos Drilling Company*, 648 F.2d 1063, 1065 (5th Cir. 1981), the court reiterated that maritime actions brought in state courts under the "saving to suitors" clause are removable on diversity grounds. Here, the parties are diverse.

The Jones Act claims, on the other hand, are generally not removable because 46 U.S.C. § 688 incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which bars removal. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995). However, defendants who are sued under the Jones Act can defeat remand upon showing that such claims are made "fraudulently" to prevent removal. *Id.* To do this, "[a] defendant may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal. The district court may use a summary judgment-like procedure to determine whether a plaintiff has fraudulently pleaded a Jones Act

claim. The court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no possibility of establishing a Jones Act claim on the merits." *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006) (footnotes and internal quotations omitted). The burden on the removing defendants is a heavy one, as they "must show that there is no possibility that plaintiff would be able to establish a cause of action." *Burchett*, 48 F.3d at 176.

Attached to Kirby's opposition is the affidavit of Kallum Kittley, Kirby's Manager of Shore Tanking Operations. Kittley avers that plaintiff was hired and worked as a shore tankerman assigned by a land-based supervisors, to whom he also reported. Kittley avers further that plaintiff worked only on barges that were moored to various docks and did not work on any barges or other vessels while they were underway or at sea. The affidavit was filed on October 30, 2007.

On November 5, 2007, plaintiff filed his own affidavit (doc. 18), wherein he avers the following facts, among others:

1. That while working for Kirby, he had only sporadic contact with Kallum K. Kittley during safety meetings but never at any Kirby job site during the work day.

2. That a significant part of his job duties for Kirby included him conducting "deckhand" duties while aboard Kirby vessels when they would take a full Kirby barge out to the fleet in the Mississippi River and retrieve an empty Kirby barge.

3. That a significant portion of his job duties included assisting Kirby vessels that were in navigation wherein he would tie them off to Kirby barges, a maneuver called "facing up."

4. That on each occasion wherein he performed deckhand activities for Kirby vessels, he took instructions from the captains employed by Kirby.

5. That at a location near Marathon, he would untie asphalt barges after they were filled and would ride on them in navigation on the Mississippi River while being pushed by a Kirby vessel from its fleet to tie them off at another location.

6. That while employed with Kirby and on a significant number of occasions, he would ride aboard Kirby vessels from its fleet in navigation in the Mississippi River and tie up "preheated" barges to the Kirby vessel and then ride back to a loading location and therefore secure the Kirby barge.

7. That a significant part of his daily work subjected him to the Mississippi River while performing "deckhand" duties aboard Kirby vessels in navigation.

8. That 98% of his daily job duties were performed either on the Kirby barges in navigation on the Mississippi River or on Kirby vessels.

If the statements quoted above are an accurate recitation of plaintiff's duties, then he can likely be classified as a seaman under the Jones Act. Subsequent to the filing of plaintiff's affidavit, defendants have not disputed any statement in the affidavit or filed any contrary evidence or affidavits.

Resolving all disputed facts and ambiguities in plaintiff's favor, the court cannot conclude as a matter of law that plaintiff is not a seaman. The court must conclude, therefore, that defendants have failed to carry their heavy burden of showing that plaintiff's Jones Act claims were made "fraudulently" to prevent removal. Because the court concludes as it does, it need not address plaintiff's

procedural arguments made in brief which, in any event, appear to have been remedied by Magistrate Judge Noland's ruling and order dated October 30, 2007 (doc. 12).

## CONCLUSION

Accordingly, as Jones Act claims are not removable, the motion to remand by plaintiff, Mecham R. Oldbear (doc. 3), is hereby **GRANTED** and this matter shall be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, December 19, 2007.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA